## Case No. 1,718.

### BOWDITCH v. BOSTON.

[11 Alb. Law J. 342.]

District Court, D. Massachusetts. May 29, 1875.[1]

MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—BLOWING UP OF BUILDINGS.

[Statutory authority to blow up buildings to prevent the spread of fire, when consented to by three fire-wards of the city, does not render the city liable for buildings blown up on the authority of only two of the fire-wards.]

[See note to Case No. 1,719, following.]

[Action by Alexander G. Bowditch, assignee in bankruptcy of Armstrong & Co., against the city of Boston, for damages sustained by the destruction of buildings to check spread of a fire. Judgment for defendants.]

[Before LOWELL, District Judge.]

The case of Bowditch v. City of Boston [Case No. 1,719], which was tried recently before Judge Lowell, of the United States district court at Boston, involves the liability of the city for damages resulting from the blowing up of buildings for the purpose of checking a conflagration. General Burt, the postmaster of Boston, and several other persons were authorized in writing by Chief Engineer Damrell to blow up buildings and remove goods. The part of the city toward which the fire was advancing was districted, and General Burt was assigned to the section which contained the building in question. It seems that a Massachusetts statute provides that a building may be destroyed to check a conflagration by the act of three fire-wards in a city. The members of a board of engineers of Boston were the fire-wards of the city. But when the authority was given to General Burt, by the chief engineer, only one other engineer was present. Burt and three or four others attended to the blowing up in his district. The court held, that the plaintiff could not recover for the building blown up, on the ground that the city could not be held responsible for the destruction of the property, except as provided in the statute. No evidence had been presented showing that three fire-wards or engineers had ordered the destruction of the building. The decision is sustained by Judge Dillon in his work on Municipal Corporations (section 757), where it is said that the liability in such cases is purely statutory, and in order to change it the case must be clearly and fairly within the enactment. In Coffin v. Nantucket, 5 Cush. 269, it was held, that where the statute allows such a recovery only when a building is demolished by

the order of three fire-wards, a destruction by the order .of one of these officers creates no liability against the corporation. A by-law authorizing one officer to exercise these powers in urgent cases was therefore adjudged void. And at common law, in cases of imminent and urgent public necessity, an individual or municipal officer may raze or demolish houses and other combustible structures in a city to prevent the spreading of a conflagration, the city thereby incurring no responsibility.